UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICARDIO D. SMITH,

Plaintiff,

v.

SHERBURNE COUNTY SHERIFF'S DEPARTMENT,

Defendant.

Civil File No. 02-834 (PAM/JGL)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on April 19, 2002, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Section 1983." (Docket No. 1.) Instead of tendering the $150 filing fee with his complaint, Plaintiff submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner,[1] his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must (i) submit a trust fund account statement certified by an authorized prison official, (pursuant

[1] Plaintiff was incarcerated at the Sherburne County Jail in Elk River, Minnesota, when he filed this action, and as far as the Court can tell he is still confined there.

FILED JUN 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to 28 U.S.C. § 1915(a)(2)), and (ii) pay an initial partial filing fee, (pursuant to 28 U.S.C. § 1915(b)(1)). However, Plaintiff's IFP application was not accompanied by either the required trust account information or his initial partial filing fee. Those omissions were called to Plaintiff's attention by the Court's order of April 25, 2002. (Docket No. 3.) By that order, Plaintiff was given thirty (30) days to submit a new IFP application that included the required trust account information, as well as the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The order also advised Plaintiff that if he did not submit his new IFP application and pay the prescribed filing fee within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

The deadline set by the Court's order of April 25, 2002, has now expired, and Plaintiff has not yet complied with requirements of that order. He has not submitted a new IFP application or any initial partial filing fee. Indeed, the Court has received no communication of any kind from Plaintiff since the order of April 25, 2002, was entered. Therefore, in accordance with the Court's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 12, 2002

JONATHAN LEBEDOFF
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 28, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.